UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

Case No.: _____

STEVY WORAH OZIMO,

Plaintiff, Pro Se (Miami, Florida)



v.

DEPUTY VANCE HARPER, in his individual capacity;
DEPUTY SAMANTHA PALMER, in her individual capacity;
DEPUTY ARMENTARO, in his individual capacity;
RIC L. BRADSHAW, in his official capacity as Sheriff of Palm Beach County;
PALM BEACH COUNTY, a political subdivision of the State of Florida;
JOHN DOE and JANE DOE Jail Officers/Medical Staff 1–10, in their individual capacities;
VICKY BAN, an individual,
Defendants.

## COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL

I. JURISDICTION AND VENUE

    1.    Plaintiff is a resident of Miami, Florida.

    2.    This action arises under the Constitution and laws of the United States, including 42 U.S.C. §1983.

    3.    Jurisdiction is proper under 28 U.S.C. §§1331 and 1343(a)(3).

    4.    This Court has supplemental jurisdiction over related state-law claims under 28 U.S.C. §1367.

    5.    Venue is proper in the Southern District of Florida, West Palm Beach Division, pursuant to 28 U.S.C. §1391(b), because all relevant events arrests, detention, jail conditions, and defendant conduct occurred in Palm Beach County, where the defendants reside or are employed.

II. PARTIES

Plaintiff:

6. Stevy Worah Ozimo is a resident of Miami, Florida, and was a pretrial detainee at Palm Beach County Jail from around June 20, 2024 to July 23, 2025 during the events alleged.

Law Enforcement Defendants:
7. Deputy Vance Harper, Deputy Samantha Palmer, and Deputy Armentaro are PBSO employees, sued in their individual capacities.

Sheriff Defendant:
8. Ric L. Bradshaw is the elected Sheriff of Palm Beach County, sued in his official capacity for policies, customs, and practices under Monell v. Department of Social Services, 436 U.S. 658 (1978).

Jail Staff Defendants:
9. John Doe and Jane Doe Jail Officers/Medical Staff 1–10 were responsible for Plaintiff's care and supervision and are sued in their individual capacities.

Private Defendant:
10. Vicky Ban is a private individual who provided false accusations that initiated Plaintiff's arrests and prosecution.


III. FACTUAL ALLEGATIONS

Custody and Injunction
11. Plaintiff had legal 100% custody of his child and a protective injunction against Vicky Ban before the arrests. Plaintiff was awarded the 2020 Porsche Panamera GTS with VIN: WP0AG2A7XLL145007 during the divorce in 2022 and was a protected party of domestic violence, after his former wife was arrested on February 28, 2024 for domestic violence against him on February 10 and 20 of 2024.
12. Despite these court orders, Defendants initiated criminal proceedings against Plaintiff.

Arrests and Prosecution
13. Deputies Harper, Palmer, and Armentaro initiated and continued criminal charges without probable cause, ignored exculpatory evidence, and included materially false statements in reports and affidavits.
14. Criminal proceedings terminated in Plaintiff's favor via dismissal or nolle prosequi.

Detention Conditions
15. Plaintiff was detained for approximately 15 months in Palm Beach County Jail under unsafe and inhumane conditions, including:

- Constant bright lights above bunk for extended periods
- Mold contamination and unsanitary plumbing
- Broken toilets, extreme cold, and insect infestations
- Exposure to human waste

Medical Neglect

16. Plaintiff sustained injuries during detention and repeatedly requested medical attention.
17. Jail staff were aware of serious medical needs but failed to provide care, demonstrating deliberate indifference.

Municipal Policies

18. Sheriff Bradshaw maintained policies, customs, and failures to train and supervise personnel that directly caused Plaintiff's injuries and constitutional violations.


IV. CLAIMS FOR RELIEF

Count I – §1983 Malicious Prosecution (Fourth Amendment)
19. Against Deputies Harper, Palmer, and Armentaro individually.
20. Defendants initiated criminal proceedings without probable cause, terminated in Plaintiff's favor, causing unlawful detention and damages.

Count II – §1983 Fabrication of Evidence / Brady Violations (Due Process)
21. Against Deputies Harper, Palmer, and Armentaro individually.
22. Defendants fabricated evidence and withheld exculpatory information, violating Plaintiff's constitutional rights.

Count III – §1983 Conditions of Confinement (Fourteenth Amendment)
23. Against Sheriff Bradshaw (official capacity) and Doe Jail Officers.
24. Conditions were inhumane and violative of constitutional rights, arising from policies or customs of PBSO.

Count IV – §1983 Deliberate Indifference to Medical Needs (Fourteenth Amendment)
25. Against Doe Medical Staff and Sheriff Bradshaw.
26. Defendants knowingly failed to provide necessary medical care, constituting deliberate indifference.

Count V – §1983 Municipal Liability (Monell)

27. Against Sheriff Bradshaw and Palm Beach County.

28. Policies, customs, and failures to train and supervise were the moving force behind constitutional violations.

Count VI – Florida Malicious Prosecution (State Law)

29. Against Vicky Ban and Deputies.

30. Criminal proceedings lacked probable cause, terminated in Plaintiff's favor, and caused damages.

## V. DAMAGES

31. Plaintiff suffered:

- Loss of liberty
- Emotional distress
- Physical injury
- Reputational harm
- Economic damages

32. Plaintiff seeks:

- Compensatory damages in **excess of $100000**
- Punitive damages against individual defendants
- Costs and attorney's fees under 42 U.S.C. §1988

## VI. JURY DEMAND

33. Plaintiff demands a trial by jury on all claims so triable.

STEVY WORAH OZIMO
Plaintiff, Pro Se
100 NW 6th Street
Miami, Florida 33136
Email: stevywogs@gmail.com

Date: 3/9/26